IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PENTA DENVER LLC, et al.,<br><br>Defendants. | Case No.: C-13-80249 WHA (JSC)<br><br>**REPORT AND RECOMMENDATION TO 1) GRANT MOTION FOR ASSIGNMENT ORDER, AND 2) GRANT MOTION FOR A CHARGING ORDER (Dkt. Nos. 2 & 3)** |

In this debt enforcement action, Plaintiff Choice Hotels International, Inc. has filed two motions that have been referred to the undersigned magistrate judge: 1) a motion for assignment order of Defendant Tarun S. Patel's interest, if any, in his right to payment of money due from his business activities involving Pacific Hospitality Company LLC ("Pacific"); and 2) a motion for an order charging Patel's membership interest in Pacific. (Dkt. Nos. 2, 3.) The motions follow Plaintiff's registration in this District of a default judgment obtained against Defendants, including Patel, in the United States District Court for the District of Maryland. (Dkt. No. 1.) Plaintiff asserts that the sum due and owing under that judgment is $130,425.48 as of January 9, 2014. (*See* Dkt. No. 2 at 1.) Neither Patel nor any other defendant has filed an opposition to the motions. After carefully

considering Plaintiff's motions, the Court concludes that oral argument is unnecessary and VACATES the January 9, 2014 hearing. For the reasons stated below, the Court RECOMMENDS that the motions be GRANTED.

**DISCUSSION**

**A.  Assignment Order**

Whether Plaintiff is entitled to an assignment order is governed by Federal Rule of Civil Procedure 69(a)(1), which in turn makes California law applicable. *See* Fed. R. Civ. P. 69(a)(1) (providing that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise" and that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies").

Under California law, "upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Cal. Code Civ. P. § 708.510(a). "The notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail." *Id.* § 708.510(b).

Plaintiff seeks an order assigning to it the interest, if any, of Patel in his "rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from [his] business activities involving [Pacific] to the extent necessary to satisfy the judgment entered in this action in full." (Dkt. No. 2 at 8.) Plaintiff's motion should be granted. The record shows that Patel is President of Pacific, an active company located in San Jose, California. (*See* Dkt. No. 2 at Exs. A & B.) Thus it can be inferred that payments due or to become due from Pacific to Patel exist and therefore can be assigned.

Further, despite being served with the motion by mail (Dkt. No. 2 at 24),[1] Patel has failed to appear or file any objection to the motion. Thus, while the Court recognizes that a person's

---

[1] Patel was served by mail at Pacific's San Jose address. Given that California law regarding mail service of a complaint and summons does not indicate a preference between mail service to one's home or business, *see* Cal. Code Civ. P § 415.20(b), Plaintiff's mail service to Patel's usual place of

2

"earnings" are subject to California's wage garnishment law, Patel has not argued that he is a Pacific "employee" whose payments from Pacific are subject to that law. *See* Cal. Code Civ. P. § 706.011(b) (defining "earnings" as "compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise"), (e) (defining "employee" as "a public officer and any individual who performs services subject to the right of the employer to control both what shall be done and how it shall be done"). Moreover, as Pacific's President, Patel is likely not an "employee" since he does not have an employer who "control[s] both what shall be done and how it shall be done." *Id.* at § 706.011(e); *see also Moses v. DeVersecy*, 157 Cal. App. 3d 1071, 1074 (1984) (rejecting defendant's argument that his earnings as a self-employed public accountant are covered by the garnishment statute since "[a] self-employed certified public accountant is not subject to the control of his clients in what work could be done or how the work should be done").

The undersigned accordingly RECOMMENDS that the motion for assignment order be GRANTED.

**B.     Charging Order**

Plaintiff also moves for an order charging Patel's interest in Pacific with payment of the unpaid balance of the judgment that was entered against him by the Maryland court. California Code of Civil Procedure Section 708.310, applicable through Federal Rule of Civil Procedure 69(a), provides for orders charging interest:

> If a money judgment is rendered against a partner or member but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section 15907.3, 16504, or 17705.03 of the Corporations Code.

Corporations Code Section 17705.03 in turn provides:

> On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to

---

business, rather than his home, satisfies Section 708.510(b)'s general requirement that service "shall be made personally or by mail," Cal. Code Civ. P. § 708.510(b).

the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.

Cal. Corp. Code § 17705.03(a). In addition, a lien on a judgment debtor's interest in a partnership or LLC is created by service of a notice of motion for a charging order on the judgment debtor and either (1) all partners or the partnership, or (2) all members or the LLC. Cal. Code Civ. P. § 708.320(a).

Plaintiff is entitled to an order charging Patel's interest in Pacific with the unpaid judgment amount. Although Plaintiff served Patel and Pacific, among others, with the motion for a charging order (*see* Dkt. No. 8), neither Patel nor Pacific, nor anyone else, has objected to the motion. The Court accordingly finds no reason not to grant the motion. *See First Cmty. Bank v. Miller*, 2011 WL 704406, at *2 (N.D. Cal. Feb. 18, 2011) ("As Miller has filed no opposition, the court finds no reason not to grant the motion [for a charging order]."). The undersigned RECOMMENDS that the motion for a charging order be GRANTED.

## CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that the District Court 1) GRANT the motion for an assignment order and issue an order that Defendant Tarun S. Patel's interest, if any, in his rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from his business activities involving Pacific Hospitality Company LLC be assigned to Plaintiff to the extent necessary to satisfy the judgment entered on January 14, 2013 by the United States District Court for the District of Maryland; and 2) GRANT the motion for a charging order and enter an order charging Defendant Tarun S. Patel's interest in Pacific Hospitality Company LLC with payment of the unpaid balance of the judgment entered on January 14, 2013 by the United States District Court for the District of Maryland.

Plaintiff shall serve a copy of this report and recommendation on Defendants within three days from the filing date of this Order and shall file a proof of service with this Court.

Any party may file objections to this report and recommendation with the district court judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b);

Civil L.R. 72–3. Failure to file objections within the specified time may waive the right to appeal the District Court's ultimate Order.

IT IS SO ORDERED.

Dated: January 8, 2014

                                                 JACQUELINE SCOTT CORLEY
                                                 UNITED STATES MAGISTRATE JUDGE