IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHOICE HOTELS INTERNATIONAL, INC.,

    Plaintiff,

  v.

PENTA DENVER LLC, et al.,

    Defendants.

No. C 13-80249 WHA

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

    In this debt enforcement action, the undersigned judge has reviewed the report and recommendation of Magistrate Judge Jacqueline Scott Corley (Dkt. No. 10). No objections to the report and recommendation were filed. The order therefore **ACCEPTS** and **ADOPTS** in full the findings therein. Accordingly, plaintiff's motion for assignment order of Defendant Tarun S. Patel's interest, if any, in his rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from his business activities involving Pacific Hospitality Company LLC be assigned to plaintiff to the extent necessary to satisfy the judgment entered on January 14, 2013, by the District of Maryland is **GRANTED**. Plaintiff's motion for an order charging defendant Tarun S. Patel's interest in Pacific Hospitality Company LLC with payment of the unpaid balance of the judgment is **GRANTED**.

**STATEMENT**

    In July 2011, plaintiff filed an application to confirm an arbitration award in the District of Maryland, commencing the action captioned as *Choice Hotels Int'l, Inc. v. Penta Denver, LLC, et al.*, No. 8:11-cv-02049-RWT (D. Md. July 26, 2011). Plaintiff Choice Hotels was previously

awarded $129,849.48 in an arbitration, after a preliminary hearing wherein respondents, after receiving notice, "elected neither to appear nor to participate" (Dkt. No. 1, Exh. 1). Defendant Tarun S. Patel was served the summons and a copy of the application to confirm the arbitration award in September 2011. Other defendants were served as well. In January 2013, the District of Maryland entered a default judgment for Choice Hotels and against Tarun S. Patel, among others, for $129,849.48 with post-judgment interest and costs (Dkt. No. 18).

In November 2013, the District of Maryland default judgment was registered in this district. *Choice Hotels Int'l, Inc. v. Penta Denver, LLC, et al.*, No. 3:13-mc-80249-WHA (N.D. Cal. Nov. 7, 2013). Plaintiff moved for an assignment order and a charging order. Plaintiff served the motions on defendants, including Tarun S. Patel at a San Jose business address for Pacific Hospitality Company, LLC because California Code of Civil Procedure Section 708.510 provides that notice of the motion shall be served personally or by mail. *See also* California Code of Civil Procedure 415.20(b). A January 2014 report and recommendation by Magistrate Judge Jacqueline Scott Corley recommended that both motions be granted (Dkt. No. 10). The report and recommendation was served on Tarun S. Patel at the same San Jose business address and the registered agent for service of process in California for Pacific Hospitality Company, which is Tarun S. Patel (Dkt. No. 2, Exh. B, Dkt. No. 11). No objections were filed.

**ANALYSIS**

**1.    MOTION FOR ASSIGNMENT ORDER.**

Plaintiff Choice Hotels, the judgment creditor, moves for an order assigning it:

> the interest, if any of Defendant/Judgment Debtor Tarun S. Patel in their rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from their business activities involving [non-party] Pacific Hospitality Company LLC, to the extent necessary to satisfy the judgment entered in this action in full, which as of January 9, 2014, is $130,425.48, will be brought for hearing.

(Dkt. No. 2). (The motion was noticed for a hearing on January 9 and the default judgment with post-judgment interest and costs totals $130,425.48, according to plaintiff.) No opposition to the motion was filed. Moreover, "[n]o effort has been made by Defendant/Judgment Debtor Tarun S. Patel to consensually satisfy the Judgment" (Aires Decl. ¶ 5). The motion was brought because

2

in November 2013, plaintiff's counsel discovered that Tarun S. Patel is the president of Pacific Hospitality Company, LLC (in addition to being the principal of defendant Penta Hospitality). Tarun S. Patel is the registered agent for service of process in California for Pacific Hospitality Company (Cleary Decl. ¶¶ 5, 6).

California Code of Civil Procedure Section 708.510(a), which applies pursuant to FRCP 69(a)(1), states:

> the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
> (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order.  (2) Rents.
> (3) Commissions . . . .

The 1982 legislative committee comments state that Section 708.510 "provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivable, general intangibles, judgments, and instruments." Plaintiff therefore can be assigned defendant Tarun S. Patel's interests, if any, in his rights to payment of money due or to become due from his business involving Pacific Hospitality Company, LLC to the extent necessary to satisfy the January 2013 judgment entered by the District of Maryland and registered in this district.

**2.    MOTION FOR CHARGING ORDER.**

Plaintiff moves for an order:

> charging the interest of Defendant/Judgment Debtor Tarun S. Patel in the following limited liability company:  'Pacific Hospitality Company LLC [California Entity No. 199924310015], 1735 North 1st Street, Suite 312, San Jose, California 95112,' with the unsatisfied portion of the judgment entered in this action which as of January 9, 2014, is $130,425.48.

No opposition to the motion was filed. California Civil Code Section 708.310 states:

> If a money judgment is rendered against a partner or member but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section 15907.3, 16504, or 17705.03 of the Corporations Code.

California Corporations Code Section 17705.03(a) states:

> On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.

An order charging Tarun S. Patel's interest in Pacific Hospitality with the unpaid judgment can thus be issued.

## CONCLUSION

In sum, this order **ACCEPTS** and **ADOPTS** in full the findings in the report and recommendation of Magistrate Judge Jacqueline Scott Corley (Dkt. No. 10). Plaintiff's motions are **GRANTED**. The following is hereby ordered:

1. Defendant Tarun S. Patel's interest, if any, in his rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from his business activities involving Pacific Hospitality Company LLC are hereby assigned to plaintiff to the extent necessary to satisfy the judgment entered by the District of Maryland in *Choice Hotels Int'l, Inc. v. Penta Denver, LLC, et al.*, No. 8:11-cv-02049-RWT, Dkt. No. 18 (D. Md. Jan. 14, 2013) and registered in this district, *Choice Hotels Int'l, Inc. v. Penta Denver, LLC*, No. 3:13-mc-80249-WHA, Dkt. No. 1 (N.D. Cal. Nov. 7, 2013).

2. Defendant Tarun S. Patel's interest, if any, in Pacific Hospitality Company, LLC is hereby charged with the unsatisfied portion of the judgment.

**IT IS SO ORDERED.**

Dated: January 27, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE