IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | Case No.: C-13-080249 WHA (JSC) |
| Plaintiff, | **REPORT AND RECOMMENDATION TO GRANT MOTION FOR AN ASSIGNMENT ORDER (Dkt. No. 48)** |
| v. | |
| PENTA DENVER LLC, et al., | |
| Defendants. | |

In this debt enforcement action, Plaintiff Choice Hotels International, Inc. has filed a motion for an assignment order of Defendant Anil R. Patel's ("Anil Patel") interest, if any, in his right to payment of money due from his business activities with several entities. (Dkt. No. 48.) Plaintiff asserts that the sum due and owing under the judgment is $130,529.98.48 as of November 6, 2014. Neither Patel nor any other defendant, despite being served with the motion by mail (*id.* at 48), has filed an opposition to Plaintiff's motion or communicated with the Court in any way. After carefully considering Plaintiff's motion, the Court VACATES the November 6, 2014 hearing, and RECOMMENDS that Plaintiff's motion be GRANTED.

//

//

**BACKGROUND**

In July 2011, Plaintiff filed an application to confirm an arbitration award in the District of Maryland, commencing the action captioned as *Choice Hotels Int'l, Inc. v. Penta Denver, LLC, et al.*, No. 8:11-cv-02049-RWT (D. Md. July 26, 2011). Plaintiff was previously awarded $129,849.48 in an arbitration, after a preliminary hearing where Defendants, after receiving notice, "elected neither to appear nor to participate." (Dkt. No. 1, Ex. 1.) Defendants were served with the summons and a copy of the application to confirm the arbitration award in September 2011. In January 2013, the District of Maryland entered a default judgment for Plaintiff and against Defendants Penta Denver, LLC, Penta Hospitality, LLC, Tarun S. Patel, Mukesh J. Mowji, and Anil R. Patel. *See* No. 8:11-cv-02049-RWT, Dkt. No. 18.

In November 2013, the District of Maryland default judgment was registered in this district. *Choice Hotels Int'l, Inc. v. Penta Denver, LLC, et al.*, No. 3:13-mc-80249-WHA (N.D. Cal. Nov. 7, 2013). Plaintiff subsequently moved for an assignment order and a charging order against Defendant Tarun S. Patel ("Tarun Patel"). (Dkt. Nos. 2, 3.) After no objections were filed, Judge Alsup issued an Order adopting this Court's recommendation that both motions be granted with respect to Tarun Patel. (Dkt. No. 12.) Final judgment was entered against Patel and the case was terminated. (*See* Dkt. No. 13.) Judge Alsup subsequently issued two Orders adopting this Court's recommendations that the following orders be issued: 1) a charging order against Mowji (Dkt. No. 26), and 2) an assignment order in Mowji's interest, if any, in his right to payment of money due from his business activities with Pracrea Inc. (Dkt. No. 64.)

**DISCUSSION**

Plaintiff moves for an order assigning to it:

> the interest, if any, of Defendant/Judgment Debtor Anil R. Patel in his rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from his business activities involving: (A) CRU Real Estate Group LLC [Entity No. 201116510113], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (B) CRU Real Estate Advisors Inc. [Entity No. C3386230], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (C) CRU Residential Inc. [Entity No. C3402560], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (D) CRU Property Management Inc. [Entity No. C3433098], 3191 Red Hill Avenue, Suite

2

250 Costa Mesa, California 92626; and (E) California Bureau of Real Estate License No. 01319037, to the extent necessary to satisfy the judgment entered in this action in full, which as of November 6, 2014, is $130,529.98.

(Dkt. No. 48 at 1-2.) The record shows that Anil Patel is 1) a principal of CRU Real Estate Group LLC (*id.* at 18 ¶¶ 6 (Khan Decl.)), 2) the only "Licensed Officer" with the California Bureau of Real Estate for CRU Real Estate Advisors Inc., CRU Residential Inc., and CRU Property Management Inc. (id. at 20-21 ¶¶ 8-11), 3) the agent for service of process for CRU Real Estate Group LLC, CRU Real Estate Advisors Inc., CRU Residential Inc., and CRU Property Management Inc., which are all active companies registered with the California Secretary of State (id. at 44-48), and 4) a licensed real estate broker (license no. 01195849) with the California Bureau of Real Estate (*id.* at 20 ¶ 7).

California Code of Civil Procedure Section 708.510(a), which applies pursuant to Federal Rule of Civil Procedure 69(a)(1), states:

> the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments: (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order. (2) Rents. (3) Commissions . . . .

The 1982 legislative committee comments state that Section 708.510 "provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivable, general intangibles, judgments, and instruments." To the extent necessary to satisfy the January 2013 judgment entered by the District of Maryland and registered in this District, Plaintiff therefore can be assigned Defendant Anil Patel's interest, if any, in his rights to payment of money due or to become due from his business involving: (1) CRU Real Estate Group LLC [Entity No. 201116510113], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (2) CRU Real Estate Advisors Inc. [Entity No. C3386230], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (3) CRU Residential Inc. [Entity No. C3402560], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (4) CRU Property Management Inc. [Entity No. C3433098], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; and (5) California Bureau of Real Estate License No. 01195849.

Although Plaintiff requests Anil Patel's interest in California Bureau of Real Estate License

No. 01319037, Plaintiff's request appears to be made in error; the documents supporting Plaintiff's motion invariably identify Anil Patel's real estate license number as No. 01195849.

## CONCLUSION

For the reasons explained above, the Court RECOMMENDS that Plaintiff's motion for an assignment order be GRANTED.  The Court further recommends that the following be ordered: Defendant Anil R. Patel's interest, if any, in his rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from his business activities involving (1) CRU Real Estate Group LLC [Entity No. 201116510113], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (2) CRU Real Estate Advisors Inc. [Entity No. C3386230], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (3) CRU Residential Inc. [Entity No. C3402560], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; (4) CRU Property Management Inc. [Entity No. C3433098], 3191 Red Hill Avenue, Suite 250 Costa Mesa, California 92626; and (5) California Bureau of Real Estate License No. 01195849 are hereby assigned to Plaintiff to the extent necessary to satisfy the judgment entered by the District of Maryland in *Choice Hotels Int'l, Inc. v. Penta Denver, LLC, et al.*, No. 8:11-cv-02049-RWT, Dkt. No. 18 (D. Md. Jan. 14, 2013) and registered in this district, *Choice Hotels Int'l, Inc. v. Penta Denver, LLC, et al.*, No. 3:13-mc-80249-WHA, Dkt. No. 1 (N.D. Cal. Nov. 7, 2013).

Plaintiff shall serve a copy of this report and recommendation on Defendants within three days from the filing date of this Order and shall file a proof of service with this Court.

Any party may file objections to this report and recommendation with the district court judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72–3.  Failure to file objections within the specified time may waive the right to appeal the District Court's ultimate Order

**IT IS SO ORDERED.**

Dated: November 4, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4