UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PENTA DENVER, LLC, <br><br> Defendant. | Case No. 13-mc-80249-WHA (JSC) <br><br> **REPORT AND RECOMMENDATION REGARDING CONTEMPT** <br><br> Re: Dkt. Nos. 67, 68 |

In this debt enforcement action, Plaintiff Choice Hotels International, Inc., seeks to recover a money judgment against Defendants Mukesh J. Mowji ("Mowji") and Tarun S. Patel ("T. Patel", and together, the "judgment debtors"). (Dkt. Nos. 67, 68.) This matter is before the Court on an order to show cause why judgment debtors Mowji and Patel should not be held in contempt of court for failing to appear for their judgment debtor examinations. Neither Mowji nor Patel filed any papers in response to the order to show cause, nor did they appear at the hearing on the order to show cause. Having considered the papers and all other evidence of record, the undersigned recommends that Mowji and T. Patel be held in contempt.

**BACKGROUND**

The following facts are taken from the Aires declarations and the docket in this action.[1] Plaintiff obtained a default judgment entered against various defendants in the sum of $130,199.48 in the District of Maryland.[2] The Clerk of Court registered the judgment in this District on

---

[1] Plaintiff asks the Court to take judicial notice of several documents filed on the docket in this action, including examination orders, certificates of service, and civil minutes. (*See* Dkt. Nos. 67 & 68 at 9.) These documents are part of the Court's own docket in this matter, and therefore a formal request for judicial notice is unnecessary. *See, e.g.*, *Sarantopoulas v. Bank of America, N.A.*, No. C 12-0564 PJH, 2012 WL 4761900, at *6 (N.D. Cal. Oct. 5, 2012).

[2] Specifically, the court in the District of Maryland entered default judgment against Mowji and T.

November 7, 2013 (Dkt. No. 1), and the matter was referred to the undersigned magistrate judge in December of 2013. (Dkt. No. 4.) Since that date, Plaintiffs have sought to enforce the judgment against the defendants.

In August of 2014, the Court entered Examination Orders directing Mowji and T. Patel to appear in court at 9:30 a.m. on October 30 and 31, respectively. (Dkt. Nos. 46, 47.) In addition, Subpoenas Duces Tecum issued directing both judgment debtors to appear and bring with them a wide range of documents relevant to Plaintiff's debt collection attempts. (*Id*.) According to proof of service filed on the docket, Plaintiff personally served the orders and subpoenas on Mowji and T. Patel on September 26, 2014. (Dkt. Nos. 53, 57.) However, the examinations were not held on October 30 or 31; although Plaintiff's counsel came to both scheduled hearings, neither the judgment debtors nor their counsel appeared as the Court ordered. (Dkt. Nos. 62, 63.)

On November 3, 2014, Plaintiff filed motions seeking orders directing Mowji and T. Patel to appear personally and show cause why they each should not be held in contempt for failure to abide by the Court's Examination Orders and Subpoenas Duces Tecum. (Dkt. Nos. 67 and 68.) The judgment debtors did not respond to that motion. Accordingly, on December 9, 2014 the Court issued an order to show cause why Mowji and Patel should not be found in civil contempt based on their failure to follow the Court's Examination Orders. (Dkt. No. 77.) The Court directed the judgment debtors to file any objections to being held in contempt by January 9, 2015 and held a hearing on the Order to Show Cause on January 22, 2015. Although Plaintiff personally served Mowji and T. Patel with the Court's order, they neither objected to being held in contempt nor appeared at the hearing. (Dkt No. 81.)

## DISCUSSION

Debtor examination proceedings "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 546-57 (1995); *Alcalde v. NAC Real Estate Invs. &*

---

Patel along with defendants Penta Denver, LLC; Penta Hospitality, LLC; and Anil R. Patel. (Dkt. No. 1.)

2

1   *Assignments, Inc.*, 580 F. Supp. 2d 969, 970 (C.D. Cal. 2008).

2         Federal Rules of Civil Procedure 69 governs proceedings to enforce judgments in federal court. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Rule 69 provides that a "judgment creditor . . . whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Turning to the applicable state law, "California has a comprehensive statutory scheme governing the enforcement of judgments," which includes "specific provisions pertaining to judgment debtor examinations." *Aerielle, LLC v. Maximo Prods., LLC*, No. C10-03420 HRL, 2012 WL 5834157, at *1 (N.D. Cal. Nov. 9, 2012). The statute defines "judgment creditor" as "the person in whose favor a judgment is rendered." Cal. Code Civ. Proc. § 680.240. Plaintiff in this matter was awarded a judgment of $130,199.48 against defendants Mowji and Tarun S. Patel, among others. (*See* Dkt. No. 1.)[3] Thus, Plaintiff is a judgment creditor within the meaning of Rule 69, and is thus entitled to examine the judgment debtors consistent with California law.

      California Code of Civil Procedure Section 708.110 provides that a judgment creditor may apply "for an order requiring the judgment debtor to appear before the court . . . at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment." Cal. Code Civ. Proc. § 708.110(a). The judgment creditor must "personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination." *Id.* § 708.110(d). The judgment creditor may also propound discovery to the judgment debtor, including requests for production and inspection of documents. *Id.* §§ 708.010-030.

      A judgment debtor may be held in contempt for failure to appear for a judgment debtor examination. *Id.* § 708.170(a)(1) (providing for contempt or issuance of an arrest warrant for failure to appear for a debtor's examination); *see, e.g.*, *Alcalde*, 580 F. Supp. 2d at 972. In federal court, contempt proceedings commence with the issuance of an order to show cause why a party should not be found in contempt and notice of a hearing date on the question of contempt. *See*

---

[3] A third judgment creditor, Anil R. Patel, had agreed to appear for debtor examination, which was set for December 16, 2014, but he did not appear as ordered. (Dkt. Nos. 60, 78.)

3

*Alcalde*, 580 F. Supp. 2d at 971 (citations omitted). In the contempt hearing that follows, the "moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply" with that order. *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (citation omitted). "In fashioning civil contempt sanctions, the court has the discretion to award reasonable fees and costs as a remedial measure, regardless of whether the party that is in contempt acted willfully." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 289 F.R.D. 548 (N.D. Cal. 2013) (citing *Perry v. O'Donnell*, 759 F.2d 702, 704-05 (9th Cir. 1985)).

Importantly, where the parties have not consented to proceed before a magistrate judge for all purposes and a question of civil contempt arises, only the District Court can determine whether to hold a party in contempt. 28 U.S.C. § 636(e). In such circumstances, the magistrate judge certifies facts to the district judge, which then determines whether the conduct complained of "is such as to warrant punishment," and determines the proper punishment. *Id.* § 636(e)(6)(B)(iii).

Accordingly, the undersigned concludes that Plaintiff has met its burden of demonstrating that the judgment debtors violated the specific and definite order of the court setting their judgment debtor examinations. In addition, based on their non-opposition to the order to show cause and nonappearance the hearing, the undersigned concludes that the judgment debtors have failed to demonstrate why they should not be held in contempt for failing to comply with those orders. Thus, the undersigned recommends that Mowji and T. Patel be held in contempt. *See Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) (recommending holding judgment debtors in contempt for violating the court's order to appear for debtor examinations and produce documents).

## CONCLUSION

For the reasons described above, the undersigned recommends that an order be issued holding Mowji and Patel in contempt of court. Any party may file objections to this report and recommendation with the district judge within fourteen (14) days after being served with a copy. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3. Plaintiff shall personally

serve a copy of this report and recommendation on the judgment debtors and file a certificate of service.

**IT IS SO ORDERED**.

Dated: January 22, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge