1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   CHOICE HOTELS INTERNATIONAL,
     INC.,
11                                                No. C 13-80249 WHA
                    Plaintiff,
12
        v.
13                                                **ORDER HOLDING MUKESH
     PENTA DENVER, LLC, PENTA                     MOWJI IN CONTEMPT AND
14   HOSPITALITY, LLC, TARUN S. PATEL,            ORDER RESCHEDULING
     MUKESH J. MOWJI, and ANIL R. PATEL,          EXAMINATIONS**
15
16                  Defendants.
                                            /
17

18                              **INTRODUCTION**

19          In this post-judgment-collection matter, a magistrate judge recommended holding

20   two judgment debtors in contempt for their failure to appear for noticed judgment-debtor

21   examinations.  For the reasons stated herein, the report and recommendation is hereby

22   **ADOPTED**.  The judgment debtors are **HELD IN CIVIL CONTEMPT** until they submit to the

23   judgment-debtor examinations rescheduled herein.

24                               **STATEMENT**

25          Previous orders discussed the history of this action so it will not be repeated herein

26   (Dkt. Nos. 69, 77).  The essence of this action is as follows.  Plaintiff Choice Hotels

27   International, Inc. obtained a default judgment for $129,849 (plus post-judgment interest and

28   costs) against a number of defendants, including Mukesh Mowji and Tarun Patel (collectively,

**United States District Court**
For the Northern District of California

the "judgment debtors"), in the District of Maryland.  Thereafter, Choice Hotels registered that judgment here.  A December 2013 order referred all matters related to post-judgment collection in this action to Magistrate Judge Jacqueline Scott Corley.

Shortly after registering the judgment, Choice Hotels moved to charge Tarun Patel's interest in Pacific Hospitality, LLC and for assignment of Patel's interest in future payments from Pacific Hospitality's business activities.  Choice Hotels served Tarun Patel by mail with both motions in compliance with Section 708.510 of the California Code of Civil Procedure.  The undersigned judge granted both motions.  Tarun Patel's interests were charged and assigned.  Final judgment entered against Tarun Patel.  Choice Hotels served him by mail with the order charging and assigning his interests (Dkt. Nos. 11–14).

Next, Choice Hotels moved to charge Mukesh Mowji's interest in Lemoore Crossings, LLC.  Choice Hotels served Mowji with the motion via mail.  Choice Hotels subsequently moved for assignment of Mowji's right to future payments from the business activities of Pracrea, Inc.  The undersigned judge granted Choice Hotel's charging motion.  Final judgment entered against Mukesh Mowji, but the motion for assignment remained pending (Dkt. Nos. 18, 26–27).

After final judgment entered against Mukesh Mowji, Magistrate Judge Corley filed a report and recommendation to grant Choice Hotel's motion for assignment of Mowji's right to future payments from Pracrea.  Out of an abundance of caution, the undersigned judge ordered Choice Hotels to attempt personal service of an assortment of filings, including some already served by mail, on Mukesh Mowji and Pracrea.  Choice Hotels personally served Mukesh Mowji with those documents and with the sworn declaration of Justin Morong detailing successful personal service.  The undersigned judge granted the assignment motion and Mowji's right to future payments was thus assigned (Dkt. Nos. 30, 32, 64).

A pair of August 2014 orders by Magistrate Judge Corley set judgment-debtor examinations for Mukesh Mowji and Tarun Patel in October 2014 (Dkt. Nos. 46, 47).  The examination orders stated that failure to appear could result in arrest, punishment for contempt, or an order requiring payment of reasonable attorney's fees.  Choice Hotels personally

*United States District Court*
For the Northern District of California

2

United States District Court

For the Northern District of California

1    served the judgment debtors with the examination orders more than ten days before the noticed

2    examinations — as required by Section 708.110 of the California Code of Civil Procedure — but

3    *both judgment debtors failed to appear on the noticed dates*. Mowji and Patel never indicated

4    that the noticed dates were inconvenient, attempted to reschedule their examinations, or stated

5    that they could not or would not appear. They simply did not show (Dkt. Nos. 62, 63).

6         Choice Hotels then moved for an order to show cause why the judgment debtors should

7    not be held in contempt. The judgment debtors did not respond, despite service of the motion

8    via mail. Accordingly, Magistrate Judge Corley directed Mukesh Mowji and Tarun Patel to

9    show cause "why they should not be found in civil contempt based on their failure to follow

10    the Court's Examination Orders" (Dkt. No. 77). Neither judgment debtor responded, despite

11    personal service of the order.

12        Then, neither judgment debtor showed up at the January 22 hearing on the order to show

13    cause. A report and recommendation followed. In pertinent part, Magistrate Judge Corley

14    recommended holding Mukesh Mowji and Tarun Patel in contempt (Dkt. Nos. 81, 82).

15    Choice Hotels did not personally serve the judgment debtors with the report and

16    recommendation until February 2015.

17        On February 24, 2015, *Mukesh Mowji and Tarun Patel appeared in this action for the*

18    *first time* by timely objecting to the report and recommendation, requesting *de novo* review,

19    and moving to set aside the report and recommendation. They made this initial appearance via

20    counsel, Attorney Heather Norton, from the Law Office of Heather Norton. In support of their

21    motion and objections, Tarun Patel stated under penalty of perjury that he intends to "fully

22    cooperate with the present Court proceedings" and that he and Mukesh Mowji "appointed a

23    business associate, Mr. Jayesh Patel, to act as liaison with Choice Hotels" (Patel Decl. ¶¶ 7–10).

24    Neither Mukesh Mowji nor non-party Jayesh Patel filed declarations.

25        Choice Hotels timely filed a response. It argues that the judgment debtors' objections

26    should be overruled because they neither claimed nor offered proof of their inability to comply

27    with the examination orders and due to "the absence of any nexus between the random contacts

28

by Jayesh Patel and the dates of the failure to appear for examinations" (Dkt. No. 94).  This order follows full briefing and oral argument.

**ANALYSIS**

This order reviews Magistrate Judge Corley's report and recommendation *de novo*. *See On Command Video Corp. v. LodgeNet Entertainment Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997) (Judge Saundra Brown Armstrong).  To establish civil contempt, the movant must show (1) that defendants violated a specific and definite court order; (2) beyond substantial compliance; (3) not based on a good faith and reasonable interpretation of the order; (4) by clear and convincing evidence.  *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993).  The violation need not be willful as there is no "good faith exception."

Here, Mukesh Mowji and Tarun Patel failed to appear before Magistrate Judge Corley on October 30 and October 31, 2014, despite personal service of the examination orders.  Those orders specifically stated that failure to appear could result in arrest, punishment for contempt, or an order requiring payment of reasonable attorney's fees.  Nevertheless, neither judgment debtor appeared.  When an order to show cause followed, neither judgment debtor responded.  Neither judgment debtor appeared at the January 2015 hearing.  Accordingly, Mukesh Mowji and Tarun Patel violated a court order (Dkt. Nos. 53, 57, 79, 80).

Upon such a showing, the burden shifts to the judgment debtors to demonstrate why they were unable to comply.  *Federal Trade Commission v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004).

Once Choice Hotels served the judgment debtors with Magistrate Judge Corley's report and recommendation (Dkt. Nos. 84, 84-1), Mukesh Mowji and Tarun Patel appeared for the very first time.  Tarun Patel filed a signed, sworn declaration stating that he and Mowji wished to resolve the matter "amicably."  They had "appointed a business associate, Mr. Jayesh Patel" to initiate "settlement discussions," which allegedly began in March 2014.  Then, the judgment debtors did not retain counsel until February 23, 2015.  Now, "[w]e both intend to fully

United States District Court

For the Northern District of California

1    cooperate with the present Court proceedings, and to adhere to all Court-imposed deadlines,"

2    Tarun Patel stated (Patel Decl. ¶¶ 7–10).  Mukesh Mowji, however, did not file a declaration.

3    Both judgment debtors argue that Magistrate Judge Corley's report and recommendation should

4    be rejected because she was not "aware" of their "settlement negotiations" and new examination

5    orders can be issued.

6          According to the Assistant General Counsel of Choice Hotels, "Jayesh Patel has not been

7    in negotiations with anyone in the legal department."  Rather, Jayesh Patel "put out feelers to

8    others in the company" several years ago — feelers that went nowhere — and did not reach out

9    again until 2015, long after the judgment debtors failed to appear for their noticed examinations

10   (Kreindler Decl. ¶ 5).

11         This order finds that Mukesh Mowji and Tarun Patel were wrong to fail to appear for the

12   noticed October 2014 examinations and the January 2015 hearing.  They were also wrong to fail

13   to respond to Choice Hotel's motions and Magistrate Judge Corley's orders.  It is no excuse that

14   they wished to resolve the matter "amicably" or that they allegedly sought to negotiate a

15   "settlement" via non-party Jayesh Patel.  Accordingly, this order **HOLDS MUKESH MOWJI AND**

16   **TARUN PATEL IN CIVIL CONTEMPT** until such time as they purge their contempt by submitting

17   to the rescheduled judgment-debtor examinations.  Magistrate Judge Corley's report and

18   recommendation is hereby **ADOPTED**.

19         The question that remains is what relief, if any, is appropriate.  Magistrate Judge Corley

20   did not recommend any specific relief.  Sanctions for civil contempt may be imposed to coerce

21   obedience to a court order, compensate the party pursuing the contempt action for injuries

22   resulting from the contemptuous behavior, or both.  *Ahearn v. International Longshore &*

23   *Warehouse Union*, 721 F.3d 1122, 1129 (9th Cir. 2013).  In contrast, a criminal sanction

24   generally seeks to punish a completed act of disobedience.

25         Here, Choice Hotels sought a finding of civil contempt to "hale" the judgment debtors

26   into court.  Now, Attorney Norton represents that her clients, the judgment debtors, intend

27   to "fully cooperate with the Court's procedures" and Tarun Patel promises to adhere to "all

28   Court-imposed deadlines" (Patel Decl. ¶ 10).  Since Choice Hotels did not seek any specific

United States District Court

For the Northern District of California

monetary sanctions and there is no evidence in the record of any specific monetary loss incurred by the violations, no monetary sanctions will be imposed at this time.

Rather, to coerce compliance with the examination orders and subpoenas, this order holds that the judgment debtors must appear to furnish information to aid in enforcement of a money judgment against them in accordance with the following:

1. Mukesh Mowji and Tarun Patel are ordered to appear for judgment-debtor examinations before Magistrate Judge Corley on **THURSDAY, APRIL 16, 2015** at **9:00 A.M.** in **COURTROOM F**, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

2. If either judgment debtor fails to purge his contempt by both appearing at his rescheduled examination and fully complying with the subpoena, including Attachment A, the United States Marshal shall arrest and detain him at a suitable place until such time as he submits to a judgment-debtor examination and complies with the subpoena. Confinement shall not exceed eighteen months.

3. Both counsel of record shall personally attend any scheduled examinations on behalf of their clients.

In fashioning the sanctions herein, this order stresses that the objective is not to punish. Rather, the objective is to induce compliance. Choice Hotels is entitled to conduct judgment-debtor examinations under California law and FRCP 69. This order gives effect to that right.

**CONCLUSION**

The report and recommendation is hereby **ADOPTED**. **MUKESH MOWJI AND TARUN PATEL ARE HELD IN CIVIL CONTEMPT** until such time as they purge their contempt by submitting to the above-stated rescheduled judgment-debtor examinations.

**IT IS SO ORDERED.**

Dated: April 2, 2015.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE