UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PENTA DENVER, LLC, et al., <br><br> Defendants. | Case No. 13-mc-80249-WHA (JSC) <br><br> **ORDER ON MOTION TO ENFORCE JUDGMENT** <br><br> Re: Dkt. No. 109 |

In this debt enforcement action, Plaintiff and judgment creditor Choice Hotels International Inc. ("Plaintiff") seeks to collect on a $130,199.48 final judgment against Defendant and judgment debtor Tarun Patel. To satisfy this judgment, Plaintiff seeks an order pursuant to California Code of Civil Procedure Section 695.020 withholding the earnings of Trushita Patel, the spouse of Tarun Patel, to satisfy the judgment. (Dkt. No. 109.) Tarun Patel opposes the request for an earnings withholding order and claims an exemption. (Dkt. No. 111-3.) In addition, Tarun Patel has filed an administrative motion to file under seal certain exhibits submitted in support of his opposition to the motion for an earnings withholding order. (Dkt. No. 111.) Having considered the parties' submissions, and having had the benefit of oral argument on June 11, 2015, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff obtained a default judgment entered against various defendants in the sum of $130,199.48 in the District of Maryland. The Clerk of Court registered the judgment in this District on November 7, 2013 (Dkt. No. 1), and the matter was referred to the undersigned magistrate judge in December of 2013. (Dkt. No. 4.) Since that date, Plaintiff has sought to enforce the judgment against the defendants.

1   After judgment debtor Tarun Patel failed to appear for several court-ordered debtor examinations, the District Court held him in civil contempt until he submits to a rescheduled judgment-debtor examination. (Dkt. No. 101.) Tarun Patel appeared at the debtor examination held on April 16, 2015. (Dkt. No. 108.)

At the examination, Tarun Patel testified that he is married and lives with his spouse, Trushita Patel, at 5230 Arezzo Drive, San Jose, California 95138. (Dkt. No. 109 ¶ 5 & 14.) He further testified that Trushita Patel is employed at Glaxosmithkline, and provided his wife's paystubs from that employment. (*Id.* at 16, 34.) Despite the subpoena issued along with the debtor examination notice that directed Tarun Patel to bring other documentation describing his assets, the record reflects that Tarun Patel did not bring a number of responsive records. (*See, e.g.*, *Id.* at 28 (documents reflecting home equity line of credit), 30 (documents reflecting Trushita Patel's stock options through Glaxosmithkline), 31 (photographs of household furnishings), 33 (documents reflecting family trust), 34 (documents reflecting first-lien home mortgage).)

Plaintiff's counsel avers that other means to satisfy the judgment against Tarun Patel, including issuance of abstracts of judgment, examination orders, assignment orders, and charging orders, have proved futile. (*Id.* ¶ 6.) Plaintiff moved for the issuance of an earnings withholding order against Tarun Patel's wife's income on April 30, 2015. The matter is now fully briefed, and the Court heard oral argument on the motion on June 11, 2015.

**DISCUSSION**

**A.      Motion for Issuance of an Earnings Withholding Order**

Pursuant to Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure on execution and in supplementary proceedings "must accord with the procedure of the state in which the court is located," except to the extent a federal statute applies. *Id.* California law provides that a judgment creditor may satisfy a money judgment against the judgment debtor and/or the community property interest of the spouse as well as obligations owed to the other spouse that are community property. Cal. Code Civ. Proc. §§ 695.020(a)-(b), 699.710, 700.140. The California Wage Garnishment Law in turn "provides the exclusive judicial procedure by which a judgment creditor can execute against

2

the wages of a judgment debtor[.]" *Cal. State Emps.' Ass'n v. California*, 198 Cal. App. 3d 374, 377 (1988).

A judgment creditor can apply directly to the levying officer—*i.e.*, the sheriff or marshal in the county where the order is served—for the issuance of a withholding order against the judgment debtor's own wages. The application for issuance of an earnings withholding order, which is submitted to the levying officer, must include the following information:

> (a) The name, last known address, and, if known, social security number of the judgment debtor[;] (b) The name and address of the judgment creditor[;] (c) The court where the judgment was entered and the date the judgment was entered[;] (d) Whether the judgment is based in whole or in part on a claim for elder or dependent adult financial abuse and, if in part, how much of the judgment arises from that claim[;] (e) The date of issuance of a write of execution to the county where the earnings withholding order is sought[;] (f) The total amount required to satisfy the order on the date of issuance . . . [;] (g) The name and address of the employer to whom the order will be directed[; and] (h) The name and address of the person to whom the withheld money is to be paid by the levying officer.

*Id.* § 701.121; *see also id.* § 706.102(a); Judge Alan M. Ahart (Ret.), Cal. Prac. Guide Enf. J. & Debt. Ch. 6F-3 ¶ 6:1107. In contrast, "[a]n earnings withholding order may not issue against earnings of the judgment debtor's *spouse* unless a *court order* is obtained upon noticed motion." *See* Cal. Code Civ. Proc. § 706.109; *see also* Judge Alan M. Ahart (Ret.), Cal. Prac. Guide Enf. J. & Debt. Ch. 6F-3 ¶ 6:1104.

The Wage Garnishment Law also "limits the amount of earnings which may be garnished in satisfaction of a judgment and establishes certain exemptions from earnings which may not be garnished." *CSEA*, 198 Cal. App. 3d at 377. "The policy underlying the state's wage exemption statutes is to ensure that regardless of the debtor's improvidence, the debtor and his or her family will retain enough money to maintain a basic standard of living, so that the debtor may have a fair chance to remain a productive member of the community." *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 6 (1981). Thus, there is an automatic exemption that at least 75% of an employee's disposable earnings are exempt from earnings withholding orders.[1] *See* Cal. Code

---

[1] The exception is earnings withholding orders for support—*i.e.*, spousal or child support—which are not at issue here.

Civ. Proc. § 706.050; *Sourcecorp. Inc. v. Shill*, 206 Cal. 4th 1054, 1058 (2012) (decided under earlier version of the statute); *see also* 15 U.S.C. § 1673; *Barnhill*, 125 Cal. App. 3d at 6 n.2.

In addition, Section 706.051 provides that a judgment debtor may exempt from levy "the portion of the . . . earnings that the judgment debtor proves is necessary for the support of the judgment debtor's family supported in whole or in part by the judgment debtor[.]" Cal. Code Civ. Proc. § 706.051(b). This exemption is statutory, and the courts lack authority to enlarge or limit it. *See Kono v. Meeker*, 196 Cal. App. 4th 81, 86 (2011).

Generally, if a judgment debtor wishes to claim an exemption, he must file the exemption claim along with a copy of his financial statement with the levying officer. *Id.* § 706.105. The judgment creditor may then file a notice of opposition with the levying officer. *Id.* If the creditor does so, then there must be a hearing before the court on the exemption. *Id.* § 706.105(g). The court decides whether to grant the claim of exemption based on the declaration of the parties and any evidence presented at the hearing. *Kono*, 196 Cal. App. 4th at 86; Cal. Code Civ. Pro. § 703.580. The debtor claiming an exemption bears the burden of proving that such exemption applies. *Id.* § 703.580(b). The court may issue an earnings withholding order or grant a claimed exemption without making findings of fact. *Id.* § 706.106.

Plaintiff now moves for the issuance of an earnings withholding order against the judgment debtor's spouse pursuant to Section 706.109. Contrary to Tarun Patel's opposition, the motion is procedurally proper and entirely consistent with the Wage Garnishment Law, which requires a court order before a judgment creditor may apply for the withholding order itself with the appropriate levying officer. The only question before the Court is whether the earnings withholding order may issue over Tarun Patel's claim of exemption.

As a threshold matter, Plaintiff asserts that the exemption claim is procedurally improper as it must be made in the first instance before the levying officer pursuant to Section 706.105, with the issue then brought for a hearing before the Court if Plaintiff opposes the exemption. That is, from Plaintiff's perspective, the Section 706.109 court order requirement is a purely administrative matter for determining whether spousal earnings exist, not to determine whether issuance is actually appropriate. But the statute does not expressly state as much. And it makes no sense for

4

the Court to ignore the reality before it—Tarun Patel's claimed exemption—and simply wait for a second set of briefs on the exemption. Indeed, at oral argument the parties agreed that resolution of the exemption claim at this time is the proper course. Accordingly, the Court addresses now whether the exemption applies, cognizant that the judgment debtor bears the burden of proof on this issue. *See* Cal. Code. Civ. Proc. § 703.580(b). Plaintiff states in its reply that it seeks only $775 per month in garnishment from Trushita Patel—*i.e.*, 25% of Trushita Patel's monthly earnings after applying the 75% automatic statutory exemption. Cal. Code Civ. Proc. § 706.050. Tarun Patel contends that this $775 is necessary to support his family and therefore exempt from garnishment pursuant to Section 706.051(b).

The Wage Garnishment Law provides no definition for what counts as "necessary" to support the judgment debtor's family. *See J.J. MacIntyre Co. v. Duren*, 118 Cal. App. 3d 16, 18 (1981) (interpreting the same language in the predecessor wage garnishment statute); *Real Time Investments v. G.M.R. West Trade Int'l*, No. C-91-1801-FMS (FSL), 1996 WL 708385, at *2 (N.D. Cal. Dec. 2, 1996). California courts have noted that "necessary" normally includes housing costs, food, insurance, and automobile costs, but the "determination of what is 'necessary' for the support of the judgment debtor or his family has not been subject to a precise definition and differs with each debtor." *Id.*; *see also generally* Ahart, *supra*, ¶ 6:1179. In making its determination, courts should consider all income available to the judgment debtor and his family, including the separate earnings of the spouse. Specifically, Section 703.115 provides that in determining an exemption based on the needs of the judgment debtor and his family:

> the court shall take into account all property of the judgment debtor and, to the extent the judgment debtor has a spouse and dependents or family, all property of such spouse and dependents or family, including community property and separate property of the spouse, whether or not such property is subject to enforcement of the money judgment.

Cal. Code. Civ. Proc. § 703.115. However, courts should ensure that the judgment debtor "retain[s] enough money to maintain a basic standard of living, so that the debtor may have a fair chance to remain a productive member of the community." *Barnhill*, 125 Cal. App. 3d at 6; *see also Ford Motor Credit Co. v. Waters*, 166 Cal. App. 4th 1, 8 (2008) ("The exemption laws are

5

designed to facilitate the debtor's financial rehabilitation and have the effect of shifting social welfare costs from the community to judgment creditors." (citation omitted)). As a result, California courts have held that the "exemption statutes should be construed, so far as practicable, to the benefit of the judgment debtor." *Id.* (citation omitted); *Real Time Investments*, 1996 WL 708385, at *2 (citation omitted).

Here, the declarations that Tarun Patel submitted in support of his opposition to Plaintiff's motion reflect that Trushita Patel is the sole income earner supporting the judgment debtor and the couple's two children. (*See* Dkt. No. 111-6.) The budget further reflects that the family's net monthly finances operate at a significant loss. (*Id.*) The budget attached to the declaration, however, is not the end of the story. At his deposition Tarun Patel described receiving substantial monthly contributions from his parents—namely, approximately $600 dollars each month from each parent towards food and the children's school-related expenses. (*See* Dkt. No. 109 at 33-34.) These contributions are absent from the debtor's monthly expense chart, although Tarun Patel does reference them in passing in his declaration, albeit without assigning a dollar amount. (Dkt. No. 111-4 ¶ 14) Similarly, at his deposition Tarun Patel testified that he has not made his first-lien mortgage payments in over 30 months. (Dkt. No. 109 at 34-35.) In the exhibit documenting the Patel family's monthly expenses, however, he factors this monthly payment into his analysis.[2] Inconsistencies aside, if the Court were only deciding the motion on the basis of the monthly budget, it may well be inclined to deny the motion and grant the judgment debtor's claimed exemption. But such is not the case.

Instead, the statute requires the Court to consider *all* property of the debtor. *See* Cal. Code Civ. Proc. § 703.115. Exhibit B reflects that the family has millions of dollars in assets including money in a bank account, personal property, and stakes in a number of high-valued properties.

---

[2] In addition to these inconsistencies, the monthly budget reflects a significant monthly payment for school tuition. (Dkt. No. 111-6.) Plaintiff contends that California courts have held that private school is not a necessity unless the exemption claimant demonstrates that the public school system is not adequate, but cites no authority for this proposition. Still, even subtracting the monthly tuition amount from the family's monthly expenses, the budget would still be in the red.

6

(*See* Dkt. No. 111-7.)  In light of these substantial assets, the Court cannot conclude that the $775 per month sought from Trushita Patel's income is necessary for the family's support.  The judgment debtor's argument to the contrary is unpersuasive.  First, the judgment debtor asks the Court to focus only on his family's liquid assets—*i.e.*, the monthly income they use to pay necessary expenses.  But the statute mandates that the Court take into account *all* property—whether "subject to enforcement" or not, and certainly does not cabin that consideration to liquid assets.  The judgment debtor's next argument—that all assets are needed because he has significant liabilities to other creditors—fares no better.  To be sure, on the liabilities side, there appear to be millions of dollars worth of judgments against Tarun Patel, as well as other loans and unpaid debts.  (*See* Dkt. No. 111-7.)  But Tarun Patel has not cited any authority—and the Court has found none—establishing that a debtor can simply pile on additional debt to justify continued nonpayment of earlier debt without treading the obvious path: declaring bankruptcy.  Thus, notwithstanding his liabilities, Tarun Patel has significant assets he could liquidate to satisfy his family's monthly expenses.

In short, the judgment debtor has not met his burden of showing that the fraction of his spouse's wages sought to satisfy the judgment is necessary to support his family.  Accordingly, the Court GRANTS Plaintiff's request for the issuance of an earnings withholding and DENIES the judgment debtor's claim of exemption for necessary support in excess of the automatic statutory exemption.

**B.     Administrative Motion to File Under Seal**

Judgment debtor Tarun Patel also seeks to file under seal two exhibits to his declaration in support of his opposition to the motion for issuance of an earnings withholding order.  (Dkt. No. 111-1.)

As the exhibits, Exhibits A and B, contain exclusively personal financial information of the judgment debtor, the Court GRANTS the request to file these exhibits under seal in their entirety.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for the issuance of an earnings withholding order is GRANTED and the judgment debtor's claim of exemption for necessary

support in excess of the automatic statutory exemption is DENIED.

Accordingly, it is hereby ORDERED that, pursuant to Federal Rule of Civil Procedure 69 and California Code of Civil Procedure §§ 695.020 and 706.109, an earnings withholding order shall be issued against the earnings of Trushita Patel, spouse of judgment debtor Tarun Patel.

It is FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 69 and California Code of Civil Procedure §§ 703.110, 703.115, and 703.580, the claim of exemption [wage garnishment] of judgment debtor Tarun Patel and his spouse, Trushita Patel, is denied.

This Order disposes of Docket No. 109.

**IT IS SO ORDERED.**

Dated: June 19, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge